UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIANNA RICHARDS et al, <br><br> Plaintiff(s), <br><br> v. <br><br> SCHOEN TRUST COMPANY, <br><br> Defendant(s). | CASE NO. 2:22-cv-00878-TL <br><br> ORDER APPROVING FLSA SETTLEMENT & DISMISSING CASE |

This matter comes before the Court on the Parties' joint motion for approval of their Fair Labor Standards Act ("FLSA") release and settlement (the "Motion"). Dkt. No. 31. Having reviewed the relevant record, the Court GRANTS the Motion and DISMISSES the case with prejudice.

Plaintiffs Rianna Richards and Jane Wangari filed suit in King County Superior Court alleging violations of the FLSA and related violations of Washington law for unpaid wages, including premium rates for overtime hours, for Plaintiffs' work as caregivers for Mr. Gene Henseler. Dkt. No. 17 ¶¶ 3.2–3.7 (amended complaint). Defendant the Schoen Trust Company is

the successor administrator to the estate of Mr. Henseler and the trustee of the Henseler Living Trust. *Id.* ¶¶ 2.4–2.5. Defendant removed this action to this Court (Dkt. No. 1) and disputed Plaintiffs' claims and allegations, including by arguing that Plaintiffs were exempt from the FLSA's minimum wage and overtime requirements. *See* Dkt. No. 18 at 6–7. The Parties represent that, after extensive discovery, motions practice (including one motion for summary judgment), and a mediation that took place on February 14, 2023, the Parties reached a settlement (the "Settlement"). Dkt. No. 31 at 2. The Parties now jointly seek the Court's approval. Dkt. No. 31.

Courts generally find that a settlement agreement under the FLSA requires court approval, as "allow[ing] waiver of statutory wages by agreement would nullify the purposes of the Act." *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945); *see also Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015) (noting "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court"); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved. *Wonderly v. Youngblood, Case* Nos. C16-1621, C16-1638, 2022 WL 378262, at *3 (E.D. Cal. Feb. 8, 2022) (citing *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. C13-5456, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)). "However, district courts have applied the widely used standard adopted by the Eleventh Circuit, which looks to whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1355). Court approval is appropriate if the settlement is a "fair and reasonable resolution of a bona fide dispute." *Stenschke v. Lufthansa*

*Technik N. Am. Holding Corp.*, No. C21-1646, Dkt. No. 18 at 1 (W.D. Wash. Mar. 16, 2023) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355) (approving FLSA settlement).

A settlement addresses a bona fide dispute when it "reflect[s] a reasonable compromise over issues . . . that are actually in dispute." *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (quoting *Lynn's*, 679 F.2d at 1355). Here, the Parties' contradictory positions regarding the extent to which Plaintiffs were covered by the FLSA, as set forth in the Parties' motion and supporting declarations (and other parts of the record), demonstrate the existence of a bona fide dispute at the time of mediation and settlement as to whether Plaintiffs' work was protected by and/or exempt from the FLSA during the operative period. The Court finds that the Settlement here represents the resolution of a bona fide dispute.

To determine whether the Settlement is fair and reasonable, this Court will consider: (1) the means by which the parties reached their settlement; (2) the presence of obvious deficiencies; and (3) the range of possible recovery. *See Nault v. DIRECTV, LLC*, No. C16-5721, 2021 WL 4318320, at *1 (C.D. Cal. Aug. 9, 2021) (citing *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d at 1334–35). First, the Parties have actively litigated this case, including by disputing the allegations through pleadings as well as engaging in fairly extensive discovery and motions practice prior to mediation. *See* Dkt. No. 31 at 2. The Settlement is also a result of an arm's-length negotiation between experienced counsel after a full day of contentious mediation before an able and experienced mediator. *Id.* at 6–7.

Second, upon reviewing the Settlement, the Court can find no obvious deficiencies. It provides substantial monetary relief to Plaintiffs without the risk of trial and appeal. Dkt. No. 32 ¶ 11. The payments to Plaintiffs account for both their unpaid wages as well as the possibility of liquidated damages. *Id.* ¶ 10. The amounts to be paid under the Settlement reflect a pro rata portion of the hours worked for each Plaintiff. *Id.* ¶ 7. The Plaintiffs' release is limited to their

relationship with, transactions with, employment by, and real property belonging to Mr. Henseler and the Henseler Living Trust. Dkt. No. 32-1 at 2. The release is conditional on approval by this Court, as well as approval by the King County Superior Court as being reasonable and within Defendant's discretion pursuant to TEDRA, RCW 11.96A. *Id.* at 2–3. Such Court approval is necessary for Defendant to disburse funds to Plaintiffs. *Id.* Further, the Settlement's allocated payment to Plaintiffs' counsel for fees and costs reflects a discount of their actual costs and anticipated lodestar through the Court approval process and ultimate dismissal of Plaintiffs' claims, which include approximately 350 hours of work on this case. Dkt. No. 32 ¶¶ 6, 8.

Finally, both Plaintiffs will receive a substantial portion of their possible maximum recovery from the case under the FLSA. Plaintiff Wangari's recovery under the Settlement is $86,000, which is over 100% of her total possible recovery for all unpaid wages, including all alleged unpaid overtime, or approximately 56% of her total possible unpaid wages plus liquidated damages under the FLSA. Dkt. No. 32 ¶¶ 9–10. Plaintiff Richards's recovery under the Settlement is $168,000, which is approximately 84% of her total possible recovery for all her unpaid wages, including all alleged unpaid overtime, or approximately 47% of her total possible unpaid wages plus liquidated damages. *Id.* These amounts also reflect a significant recovery given the risks and delays posed by trial and appeal. *Id.* ¶ 11. The Court agrees with the Parties that this a fair and reasonable compromise considering the facts and risks of the case to each party. *See* Dkt. No. 32 ¶ 11; Dkt. No. 33 ¶ 5. Therefore, the Court finds that the Settlement is a fair and reasonable resolution of the Parties' bona fide dispute.

//

//

//

//

Accordingly, the Court GRANTS the Parties' Joint Motion for Approval of FLSA Release and Settlement (Dkt. No. 31). The proposed settlement agreement is APPROVED. Plaintiffs' claims are DISMISSED with prejudice. A judgment will issue separately.

Dated this 5th day of April 2023.

Tana Lin
United States District Judge